09-2451-ag
Bing v. Holder

BIA
Hom, IJ
A094 923 274

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12ᵗʰ day of May, two thousand ten.

PRESENT:
  JOSÉ A. CABRANES,
  BARRINGTON D. PARKER,
  REENA RAGGI,
    *Circuit Judges.*

_____

BING ZHEN LIN,
    *Petitioner*,

  v.                                    09-2451-ag
                                        NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Keith I. McManus, Senior
                     Litigation Counsel; Tracie N. Jones,
                     Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bing Zhen Lin, a native and citizen of the People's Republic of China, seeks review of a May 26, 2009, order of the BIA affirming the August 14, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bing Zhen Lin,* No. A094 923 274 (BIA May 26, 2009), *aff'g* No. A094 923 274 (Immig. Ct. N.Y. City Aug. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 104 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at

2

167. The IJ found Lin's testimony not credible based on: (1) her response during her initial interview that she did not fear persecution or torture if returned to China; (2) her inconsistent testimony and lack of corroboration regarding her husband's gambling debts; (3) her testimony that although she was a fugitive, she departed China without difficulty; (4) inconsistencies between her testimony and letters she submitted from her father and her friend; and (5) implausible aspects of her claim. We are not compelled to find error in any of these findings, or in the IJ's refusal to credit the explanations Lin offered. *See id*; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). In particular, the IJ reasonably found "critical" Lin's statement to authorities upon her arrival in this country that she did not fear persecution if returned to China. The IJ did not err in relying on the record of Lin's initial interview because the complete interview transcript appears in the record. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004). Moreover, Lin admitted that her responses to the other questions were accurate, that she was provided with an interpreter, and that the interview record bore her signature, photo, and fingerprint. *Id.* That statement, coupled with the other discrepancies the IJ

identified, provides ample support for the IJ's adverse credibility determination.

Substantial evidence also supports the agency's conclusion that Lin failed to establish a well-founded fear of persecution based on her alleged practice of Falun Gong in the United States. Lin admitted that rather than reflecting her ongoing practice, the photographs she submitted in support of that claim were taken on a single day. Moreover, she was unable to explain the meaning of the "Nine Commentaries" banner she was holding in one of the photographs. Lin failed to provide additional corroborating evidence, such as testimony from her fellow Falun Gong practitioners or examples of the books and CDs she claimed to study. Accordingly, we find no error in the agency's conclusion that Lin failed to establish a well-founded fear of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best."); *see also Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that

4

authorities in his country of nationality are either aware or likely to become aware of his activities).  Accordingly, the agency's denial of Lin's application for asylum, withholding of removal, and CAT relief was proper.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk